IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>RANDY YAGI,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER FINDING SUPERVISED RELEASE VIOLATIONS AND SETTING SENTENCING HEARING<br><br><br><br>Case No. 2:03-CR-708 TS |

  This matter came before the Court on May 12, 2008, for an evidentiary hearing on an Amended Petition for Action on Supervised Release.  Defendant previously made his initial appearance on a revocation of supervised release before a Magistrate Judge and subsequently appeared at a preliminary revocation hearing before this Court wherein he denied all six allegations in the Amended Petition.  On March 26, 2008, Defendant appeared at a detention hearing and was ordered detained.

  On June 30, 2004, Defendant was sentenced to 15 months incarceration followed by 60 months of supervised release for one count of filing a false loan application.  The conditions of his supervised release included the following standard conditions of

1

supervision: "Defendant shall submit a truthful and complete written report within the first five days of each month" and "shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer." The following special conditions were also imposed:

> Defendant shall abide by the following occupational restrictions: (a) Defendant is prohibited from participating in any manner in the affairs of any federally regulated financial institution; (b) Defendant shall not have direct or indirect control over the assets or funds of others; and (c) Defendant shall be prohibited from participating in the solicitation of investment funds or the promotion of securities or other investment tools.[1]

"The government bears the burden of establishing a supervised release violation by a preponderance of the evidence."[2] The "Federal Rules of Evidence do not strictly apply in proceedings to revoke supervised release, and . . . hearsay is admissible in revocation proceedings so long as it is sufficiently reliable and the court balances the defendant's right to confront adverse witnesses against the government's grounds for denying confrontation."[3]

The Amended Petition contains six allegations. At the hearing, the government withdrew Allegation No. 6.

Allegation Nos. 4 & 5

Defendant is alleged to have associated with a convicted felon and failed to report the same to his Probation Officer in October 2007, and again in January 2008.

---

[1] Docket No. 16, Judgment, at 2.

[2] *United States v. Atchison*, 2008 WL 619351, *1 (S.D. Fla. 2008) (citing *Johnson v. United States*, 529 U.S. 694, 700 (2000) (citing 18 U.S.C. § 3583(e)(3))).

[3] *United States v. Washington*, 38 Fed.Appx. 522, 524 (10th Cir. 2002).

The Court finds by a preponderance of the evidence that the supervised release conditions were sufficiently clear and placed the Defendant on notice that if he had any contact with a person convicted of a felony that he should report the contact on his monthly report submitted to his Probation Officer. The Court finds that the questions in the report are sufficiently clear and specific and also placed Defendant on notice that he should include the contact on his monthly report. The Court finds by a preponderance of the evidence that Defendant had contact with a person convicted of a felony and failed to report the association to his Probation Officer in October 2007 and again in January 2008.

Allegation No. 1

Defendant is alleged to have had direct or indirect control over the assets or funds of others and to have participated in the solicitation of investment funds.

Based upon the evidence of the March 29, 2007 email, the Court finds as follows: Defendant reviewed the credit of a client seeking a loan and determined that she did not qualify for a loan because, among other reasons, she had "no verified employment of any kind."[4] Defendant agreed with the email recipient that the solution was to set up a straw man to purchase the property and then "immediately after closing" have the straw man transfer the property to the uncreditworthy client. In his email, Defendant stated he had already spoken with the underwriter and laid the groundwork for this scheme.

The Court finds that the special conditions of supervised release were sufficiently clear and placed Defendant on notice that he was not to have direct or indirect control of

---

[4] Gov't Ex. 1.

the funds of others or to participate in the solicitation of funds. In addition, Court notes that the Probation Officer discussed these conditions with Defendant at length and counseled him regarding these conditions. The Court finds by a preponderance of the evidence that Defendant violated these special conditions by helping to arrange a straw man transaction involving an asset and the funds of others and by participating in soliciting investment funds by working with the underwriter to assist in arranging a strawman transaction involving a uncreditworthy individual.

<u>Allegation Nos. 2 and 3</u>

Defendant is alleged to have had or attempted to have had direct or indirect control over the assets or funds of others and to have participated in the solicitation of investment funds. The evidence in support of these alleged violations are emails dated April 26, 2007[5] (Allegation No. 2) and July 28, 2007[6] (Allegation No. 3).

The Court finds that the record does not support a finding by a preponderance of the evidence that Defendant violated the terms of his supervised release as alleged in Nos. 2 and 3. Certainly the emails show that Defendant was operating in a gray area in connection with the special conditions, but the emails do not, without more, support findings of violations.

Based upon the foregoing, it is

---

[5]Gov't Ex. 2.

[6]Gov't Ex. 3.

ORDERED that the Court finds by a preponderance of the evidence that the defendant is guilty of Allegations 1, 4, and 5 of the Amended Petition and this matter shall be set for sentencing on those violations.   It is further

**ORDERED that the sentencing for the supervised release violations is set for May 28, 2008 @ 2:00 p.m.**

DATED   May 21, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge